IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL T. LASSIC,

       Petitioner,

   VS.          NO.  1:07-CV-83 (WLS)

FRED BURNETTE, Warden,

             PROCEEDING UNDER 28 U.S.C. §2254
       Respondent.  BEFORE THE U.S. MAGISTRATE JUDGE

_____

**RECOMMENDATION TO DENY HABEAS CORPUS PETITION**

   The petitioner filed this § 2254 action challenging his convictions and sentences. Petitioner was indicted by the Dougherty County grand jury for murder and two counts of aggravated assault. He was indicted again by the Dougherty County grand jury on June 20, 2001, for murder, felony murder, and three counts of aggravated assault. (Resp. Ex. 5A, p. 490). He was then indicted again by the Dougherty County Grand Jury on July 25, 2001, on the same counts as the indictment of June 20, 2001. (Resp. Ex. 5A, p. 493). Following a jury trial, the Petitioner was found not guilty on May 23, 2002, of two of the counts of aggravated assault (arising from an assault of someone other than the victim of the murder for which Petitioner was indicted). (Resp. Ex. 5A, p. 420). The jury split 7-5 on the remaining counts (murder, felony murder, and one count of aggravated assault), and a mistrial was declared. (Resp. Ex. 5A, p. 420-421).

   Petitioner was subsequently re-indicted on the counts on which the jury in the first proceeding was split, as well as two counts of purchase of cocaine. (Resp. Ex. 5A, pp. 185-187). Following a jury trial, the Petitioner was found guilty of felony murder, aggravated assault, and both counts of purchase of cocaine. (Resp. Ex. 5A, pp. 606-607). He was found not guilty of

murder. (Resp. Ex. 5A, p. 606). A sentencing hearing was held on July 31, 2002, and the Petitioner was sentenced to life in prison on the charge of felony murder and fifteen (15) years in prison on one of the charges of purchase of cocaine. (Resp. Ex. 5A, pp. 608-609).

Petitioner filed a motion for new trial, which was subsequently denied. (Resp. Ex. 5A, p. 622). Petitioner filed a direct appeal to the Supreme Court of Georgia, which affirmed the convictions and sentences on November 22, 2004. *Lassic v. State*, 278 Ga. 701, 606 S.E.2d 266 (2004). In September 2005, Petitioner filed a state habeas corpus petition. Pursuant to an evidentiary hearing on April 24, 2006, the state habeas corpus court denied relief on August 30, 2006. (Resp. Ex. 3). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on March 27, 2007. (Resp. Ex. 4). Petitioner filed the instant petition for federal habeas corpus relief on May 14, 2007. (Doc. 1).

Petitioner raises numerous grounds for relief, summarized below.

Ground 1 raises a conflict of interest by appellate counsel.
Ground 2 raises ineffective assistance of appellate counsel by
    (a) failing to raise all issues she verbally agreed to raise
    (b) elected to forgo appeal without Petitioner's consent.
Ground 3 alleges violations of the First, Fifth, Sixth, and Fourteenth Amendments as follows:
    (a) trial court denied Petitioner's pretrial motion upon plea in bar to charges of purchase of cocaine.
    (b) denial of right to confront the accuser and all adverse witnesses
    (c) introduction of hearsay into evidence
    (d) use of similar transaction testimony during second trial
    (e) introduction of Petitioner's character into evidence
    (f) malicious prosecution
    (g) indictment procedure violated state laws
    (h) trial court abused discretion by failing to declare a mistrial
    (i) trial court failed to give curative instructions
    (j) prosecution withheld evidence
    (k) introduction of Petitioner's prior sworn testimony
    (l) prosecutions' egregious and prejudicial remarks
    (m) prosecution shifted burden of proof to defense
    (n) prosecution failed to reveal any and all deals it made with the state's key witnesses.
Ground 4 raises ineffective assistance of trial counsel in the following ways when counsel:

2

(a) failed to object or move for mistrial regarding the prosecution's opening statement
(b) failed to adequately prepare for second trial by failing to interview witnesses
(c) failed to perform
(d) failed to raise direct challenge to the malicious prosecution during second trial
(e) failed to object to trial court's failure to give curative instructions
(f) failed to object to introduction of Petitioner's character into evidence
(g) failed to obtain independent experts
(h) failed to tell Petitioner of his right to remain silent and right against compulsory self-incrimination
(i) failed to challenge prosecution's failure to reveal any deals made with witnesses
(j) failed to challenge state's failure to disclose exculpatory evidence
(k) failed to properly and timely inform the court that Petitioner would not testify
(l) failed to object to hearsay
(m) failed to challenge illegal re-indictment procedures
(n) failed to lay a proper foundation to challenge prior inconsistent statements
(o) failed to challenge state's failure to produce all witnesses
(p) made egregious remarks and misstated facts during closing argument
(q) failed to object or request a mistrial regarding remarks of the prosecutor during closing.

## *DISCUSSION*

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to* ⋯ clearly established Federal law, as determined by the Supreme Court of the United States," or (2) *"involved an unreasonable application of* ⋯ clearly established Federal law, as determined by the

3

Supreme Court of the United States."

*Id.* at 404-05 (emphasis added).

This requirement does not mean that the state court must expressly cite the governing Supreme Court standards, just that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001) (internal citations omitted).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001) (citations omitted); *see also Crawford v. Head*, 311 F.3d 1288, 1317 (11th Cir.2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as

4

contemplated by Section 2254(d)(2). *Bottoson v. Moore*, 234 F.3d 526, 540 (11th Cir.2000). Similarly, a federal court may not simply substitute its judgment for that of the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). See also *Bell v. Cone*, 535 U.S. 685, 696-697 (2002).

> The Supreme Court of Georgia on Petitioner's direct appeal found the following facts:
>
> The evidence of record shows that appellant and Sonya Cleveland were using cocaine one evening at Cleveland's mobile home. When a drug dealer came to the door, an argument ensued about a drug debt Cleveland purportedly owed the dealer. The dealer then departed, leaving appellant alone with Cleveland. The following day, Cleveland's body was discovered in her bed. She had died from multiple blunt force injuries to her head. Appellant's freshly imprinted palm print was found on the wall above the bed. One of appellant's shirts was discovered stuffed into a toilet bowl in the mobile home's bathroom; although stained with blood, the shirt's condition made DNA testing impossible. Cleveland's blood was later found on another of appellant's shirts found at his home. Post-mortem testing indicated that appellant and Cleveland had engaged in sex on the night of the murder. At trial, appellant testified that after the drug dealer departed the mobile home, he and Cleveland had a disagreement over the drug debt, and that appellant then left Cleveland's home and went to the home of his cousin, Spears. Appellant claimed that he and Spears then used drugs until late into the night. Spears, however, testified that he did not see appellant until the following afternoon, when Spears arrived home and found appellant sitting on the porch without a shirt. Appellant testified in his own defense at his first trial, which ended with the declaration of a mistrial. At a second trial held soon thereafter, appellant did not testify, although his testimony from the first trial was read into the record.

*Lassic v. State*, 278 Ga. 701, 701-702 (2004).

**Ground 1**

Respondent asserts that Ground 1, ineffective assistance of appellate counsel by virtue of a conflict of interest, is procedurally defaulted under Georgia law. The state habeas court found that the State filed a motion to disqualify appellate counsel for the conflict of interest, and a hearing was held on the issue on March 22, 2004, where both trial and appellate counsel testified. (Doc. 13, Ex. 3, p.6). Apparently, petitioner agreed to continue to have appellate counsel represent him, and had no objection to the relationship. The trial court found that

petitioner had made a knowing and intelligent voluntary waiver of disqualification. (Doc. 13, Ex. 5B, p.947, 948). The state habeas court specifically found that this issue was procedurally defaulted, as the issue of conflict of interest was not raised on direct appeal. (Doc. 13, Ex. 3).

> O.C.G.A. § 9-14-48(d) provides as follows:
>
> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.
>
> The Supreme Court held in *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991):
>
> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

To establish cause for the default, a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples given in that case were where the factual or legal basis for the claim was not available or where interference by state officials made compliance impracticable. *Id.* The Court further noted: "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. at 496.

The standard of prejudice a state prisoner must show to overcome a default comes from *Wainwright v. Sykes*, 433 U.S. 72 (1977), and *United States v. Frady*, 456 U.S. 152, 156 (1982).

6

A petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495 (quoting *Frady*, 456 U.S. at 156). The Court made clear that both cause and actual prejudice must be shown and specifically rejected the contention in that case that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495. Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

Petitioner has not produced evidence showing that he is "actually innocent" of the crimes for which he was convicted. Accordingly, the facts of his case do not support a conclusion that there will be a fundamental miscarriage of justice if his federal claims are not considered. Moreover, Petitioner has failed to show the necessary cause and prejudice in order to overcome his procedural default.

Petitioner argues that he received ineffective assistance of appellate counsel, that he did not knowingly and intelligently waive appellate counsel's conflict of interest, and therefore has shown both cause for and prejudice from the default.

However, even assuming that Petitioner has shown cause for the default, Petitioner has not shown the necessary prejudice in order to overcome the default. Petitioner simply argues that appellate counsel did not raise all of the grounds for relief he wanted raised on direct appeal. Petitioner must show more than a disagreement with appellate counsel. He must show that, but for these alleged deficiencies, there is a reasonable probability the jury would have found him not guilty. Petitioner has failed to make the necessary showing.

7

*Ground 2 Ineffective Assistance of Appellate Counsel*

Petitioner alleges that appellate counsel was ineffective in two ways: (a) by failing to raise on appeal the issues that she had agreed to raise and pursue, and (b) by electing to forgo Petitioner's appeal without his consent or without consulting or conferring with him after agreeing to do so. These claims were raised in Petitioner's state habeas proceedings.

The state habeas court made findings of fact and conclusions of law regarding these grounds. (Resp. Ex. 3, pp. 9-13). The state habeas court found that Petitioner was represented by Ingrid Driskell Polite at the appellate level. Appellate counsel has practiced law since 1993. She has primarily done criminal defense work since then, both federal and state, estimating that about 95 percent of her work is criminal defense. Appellate counsel was retained by Petitioner prior to his filing a motion for new trial. Appellate counsel testified at the evidentiary hearing that if Petitioner had asked her to raise any claim that had merit, that she would have raised it, and that she raised the claims that she viewed as offering the best potential for reversal. She further testified that if she had seen any evidence of impropriety regarding Petitioner's character being attacked or prosecutorial misconduct that would have offered potential for reversal, she would have raised those issues.

Appellate counsel testified that Petitioner gave her a document containing issues that he thought would be viable issues to raise in the appeal. Petitioner identified several issues he had included in this document and asked appellate counsel about her failure to investigate them or to raise them in the amended motion for new trial or the appeal. Appellate counsel testified that she did not include many of those issues in either the amended motion for new trial or the appeal "because they didn't have any merit."

Petitioner asked appellate counsel if, during their initial meeting in the Dougherty County

Jail, she told him not to call or write her regarding the case and that she would get back to him when she was ready. Appellate counsel denied this, saying that the exact opposite would have been true; she testified that she tells all her clients during the initial visit to tell her everything they want to tell her about the case during that meeting because the clients are in a better position to know about the case. She added that she never tells clients not to contact her or write her. Petitioner asked appellate counsel if she ever wrote to him prior to their in-person meeting in January 2004 to advise and consult with him regarding how the appeal was proceeding. Petitioner testified that she corresponded with him regarding issues he wanted raised. Appellate counsel wrote a letter to Petitioner accompanying the copy of the opinion of the Supreme Court of Georgia affirming Petitioner's conviction. In this letter, appellate counsel reminded Petitioner that she told him from the outset that it was difficult to overturn a conviction, but that she submitted arguments that she "genuinely believed had some merit." (Resp. Ex. 3, pp. 9-13).

The state habeas court also found that the record showed that appellate counsel did not forgo the appeal, that she followed through with the entire appeal process, and that Petitioner had failed to offer any evidence that appellate counsel in any way abandoned the appeal process.

The state habeas court found specifically that Petitioner failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), and that Petitioner had not established prejudice because he had not shown that any errors raised in the state habeas petition would have reasonably resulted in a reversal of his conviction. (Resp. Ex. 3, pp. 13-15).

Moreover, the Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751,

103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

Petitioner has failed to show prejudice, and has failed to show that the state habeas court's decision is contrary to, or involved an unreasonable application of, Supreme Court precedent or is based on an unreasonable determination of the facts. *See Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

***Grounds 3 and 4***

Respondent asserts that Grounds 3 and 4 are procedurally defaulted under Georgia law. In Ground 3, Petitioner alleges that his constitutional right to a fundamentally fair criminal trial was denied in violation of the first, fifth, sixth, and fourteenth amendments to the United States Constitution, as well as "clearly established state statutory and regulatory laws," listing 14 issues. In Ground 4, Petitioner alleges that he was denied his right to effective assistance of counsel during the second and subsequent criminal trial proceedings, in violation of the Georgia and United States constitutions, listing 17 issues.

These grounds were raised in Petitioner's state habeas proceedings. Because Petitioner failed to raise these grounds at trial or on direct appeal, the state habeas court found that these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d).

However, the undersigned has reviewed the opinion of the Supreme Court of Georgia, and it appears that the court directly addressed two, but only two, of the issues raised in the state habeas proceeding, and will thus address them herein. As to the other grounds that do appear to be procedurally defaulted (Ground 3 (a)-(n) and Ground 4 (a)-(g), (i)-(m), (o)-(q)), the undersigned finds that these grounds are in fact procedurally defaulted under Georgia law, and

that Petitioner has failed to show cause for and prejudice from the default pursuant to *Murray v. Carrier*, *supra*.

Petitioner argues that ineffective assistance of appellate counsel caused him to procedurally default his other claims of ineffective assistance of trial counsel and trial court and prosecutorial error. Initially, the undersigned notes that the state habeas court determined that Petitioner had received effective assistance of appellate counsel. Petitioner has not shown that the determination of the state habeas court was contrary to, or an unreasonable application of, Supreme Court precedent. Additionally, where, as here, a petitioner attempts to use a double-layered application of the doctrine of procedural default, "[a] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000).

The Petitioner has not shown the necessary cause for and prejudice from the default in order to excuse it. He makes a circuitous argument that appellate counsel was ineffective for failing to raise all of the issues he wanted raised regarding ineffective assistance of trial counsel and other trial errors, and for in effect abandoning his appeal. However, the state habeas court considered Petitioner's claims that appellate counsel was ineffective on appeal for these reasons, and denied the claims on their merits using the proper analysis under *Strickland*. Again, Petitioner has failed to show that the state habeas court's decision is contrary to, or involved an unreasonable application of, Supreme Court precedent or is based on an unreasonable determination of the facts.

11

*Ineffective Assistance of Trial Counsel*

The Supreme Court of Georgia considered and rejected on the merits two of Petitioner's claims of ineffective assistance of trial counsel regarding the failure to impeach witness Spears, and counsel's advice that Petitioner not testify in his behalf at the second trial. It appears that these claims correspond to Ground 4 (n) and (h), respectively. [1]

The undersigned will address the two grounds decided by the Supreme Court of Georgia on the merits. *See Cone v. Bell,* 556 U.S. ----, 129 S.Ct. 1769, 1780-82, 173 L.Ed.2d 701 (2009) (citation omitted); *accord LeCroy v. Sec'y, Fla. Dep't of Corr.,* 421 F.3d 1237, 1260 (11th Cir.2005) (discussing claim held procedurally barred on state collateral review because "it either was or could have been raised on direct appeal," and stating that if claim "was raised on direct appeal in state court, it was necessarily ruled upon and might very well be foreclosed from state collateral attack, but it would be available in the federal case as an exhausted claim" (quotation marks and brackets omitted)).

In Ground 4(h), Petitioner states that trial counsel failed to tell him of his right to remain silent and right against compulsory self-incrimination. In Ground 4(n), Petitioner states that trial counsel failed to lay a proper challenge to impeach a witness by raising prior inconsistent

---

[1] Petitioner also raised on direct appeal claims that corresponds with Ground 3(i) herein, regarding the trial court's handling of trial counsel's misstatement of the facts during closing remarks, and 4(p) ineffective assistance of trial counsel by misstating the facts during closing remarks. However, these two issues were raised and decided only on state law and only addressed the trial court's action or inaction, and were not raised or addressed as a violation of the Petitioner's constitutional rights. Therefore, these two claims are procedurally defaulted. A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir.1998).

statements.

The Supreme Court of Georgia applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland,* 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted). Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Supreme Court of Georgia applied the *Strickland* standards to the facts of the case and concluded that Petitioner had not been rendered ineffective assistance of trial counsel. The court found:

13

> At appellant's new trial hearing, trial counsel testified that he interviewed Spears before trial and determined that Spears was adamant about his recollection of events and was not a potential alibi witness since he was not with appellant at the time Cleveland was killed. Counsel also was concerned that any effort to impeach Spears might have been perceived by the jury as an attempt to inject matters into the trial that were only tangentially relevant to the issues being tried, which counsel believed would have reflected poorly on the defense. Accordingly, we conclude that counsel's decision not to impeach Spears was a reasonable tactical decision, and does not support a claim of ineffectiveness.
> Similarly, counsel's advice that appellant not testify at his second trial was tactical in nature, based upon reasoning that since appellant's testimony from his first trial was read into the record at the second trial, there was nothing to be gained from having him repeat the same testimony.

*Lassic*, 278 Ga. at 703.

The undersigned finds that Petitioner has not met his burden; Petitioner has failed to demonstrate that the state courts' findings were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

## *Double Jeopardy*

Petitioner, apparently for the first time, raises a new claim of double jeopardy in his response to the answer filed by Respondent. (Doc. 15). As this issue was not raised below, it was not fairly presented to Georgia's courts.

Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see* § 2254(b), (c). That is, to properly exhaust a claim, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation and emphasis omitted). A federal habeas court could hold claims

were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now procedurally barred under [state] law." *Chambers v. Thompson* 150 F.3d 1324 (11th Cir. 1998).

Under Georgia law, any grounds for habeas corpus relief not raised in the original or amended petition "are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51.

As this claim would be considered procedurally defaulted under Georgia law, it is consequently procedurally defaulted from consideration herein. Petitioner has failed to adequately show cause and prejudice for his failure to raise it either on his direct appeal or during his state collateral proceedings.

*Conclusion*

In conclusion, it appears to the undersigned that Petitioner has not met his burden in showing he is entitled to habeas corpus relief. Therefore, it is the RECOMMENDATION of the undersigned that the petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

SO RECOMMENDED, this 31st day of August, 2010.

                                              S// Thomas Q. Langstaff
                                              THOMAS Q. LANGSTAFF
                                              UNITED STATES MAGISTRATE JUDGE

msd