IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL T. LASSIC, :
:
    Petitioner, :
:
v. :   CASE NO.: 1:07-CV-83 (WLS)
:
FRED BURNETTE, Warden, :
:
    Respondent. :
_____:

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed August 31, 2010. (Doc. 19). It is recommended that Petitioner's federal habeas corpus petition (Doc. 2), brought pursuant to 28 U.S.C. § 2254, be denied. (Doc. 19). The recommendation finds, for several reasons, that Petitioner has not demonstrated the requisite actual prejudice and default to succeed under federal habeas review. (Doc. 19 at 6, 7 (citing Wainwright v. Sykes, 433 U.S. 72 (1977), and United States v. Frady, 456 U.S. 152, 156 (1982)).

The Recommendation first affirms the state habeas court's denial of Petitioner's claim of ineffective assistance of appellate counsel, which Petitioner founded on his claimed unknowing and unintelligent waiver of the appellate counsel's conflict of interest on appeal. (Doc. 19 at 5-7). Specifically, the Recommendation declares that the claim is procedurally defaulted under Georgia state law because Petitioner did not raise it on direct appeal before the Georgia Supreme Court. (Doc. 19 at 6-7 (citing Jones v. Barnes, 463 U.S. 745, 751 (1983))). The Recommendation next notes that Petitioner's claim of ineffective assistance of appellate counsel for counsel's alleged failure to raise all of Petitioner's claims on appeal is unfounded because it

1

did not meet the Strickland v. Washington two-pronged test of (1) deficiency and (2) actual prejudice (Doc. 19 at 9 (citing Strickland v. Washington, 466 U.S. 688 (1984)). The Recommendation then affirms the state habeas court's finding that Petitioner's did not meet his burden under Strickland to establish an ineffective assistance of trial counsel claim for the trial counsel's alleged failure to inform him of his right to remain silent and his right against compulsory self-incrimination. (Doc. 19 at 10, 12-13). Lastly, the Recommendation concludes that Petitioner has not evidenced the necessary cause and prejudice to overcome the aforementioned procedural defaults or to invalidate the state habeas court's legal findings as to each of Petitioner's claims. (Doc. 19 at 6-7, 11, 14 (citing Coleman v. Thompson, 501 U.S. 722, 735, 750 (1991), and Edwards v. Carpenter, 529 U.S. 446 (2000)).

Petitioner timely filed an Objection to the Recommendation on September 14, 2010. (Doc. 21). In his Objection, Petitioner objects to all of Judge Langstaff's findings, specifically: Petitioner's claims of ineffective assistance of appellate counsel based on a conflict of interest and counsel's alleged failure to raise all of Petitioner's claims on appeal, and ineffective assistance of trial counsel based on counsel's alleged failure to inform Petitioner of his Fifth and Sixth Amendment rights.[1] (Doc. 21 at 1). Petitioner repeatedly states that he had meritorious claims that his appellate counsel should have raised, but did not raise, on appeal and rights of which his trial counsel should have made him aware—all deficiencies which Petitioner claims deprived him of a meaningful trial and appeal process. (Doc. 21 at 6). Never directly responding to the Recommendation's legal conclusions on Petitioner's ineffective assistance of

---

[1] Petitioner also objects to Judge Langstaff's Recommendation concerning Petitioner's Double Jeopardy claims, which, as Judge Langstaff notes (*see* Doc. 19 at 12-15), are presented by Petitioner for the first time in reply to Respondent's response to Petitioner's habeas petition. Therefore, because Petitioner has not exhausted his administrative remedies with respect to this claim, and does not specifically explain in his Objection when and how the Georgia court system fully resolved it, this Court does not address his Double Jeopardy claim within the instant Order.

2

counsel claims (*see* Doc. 19), Petitioner argues that the claim of ineffective assistance of counsel, with respect to the conflict of interest and other alleged deficiencies of counsel, led to his procedural default—meaning his failure to raise the conflict on appeal and sufficiently present his claims. (Doc. 21 at 3-4, 9).

Petitioner, however, fails to rebut the legally sound recommendations of Judge Langstaff. Despite the Recommendation's description of what a habeas petitioner must prove to satisfy Coleman, Jones, and Strickland and ultimately overcome any procedural default (*see* Doc. 19), Petitioner's Objection fails to satisfy his burden with respect to these required legal standards. (*See generally* Doc. 21). Petitioner merely summarily supports his claims with a recitation of many of the same arguments, sometimes without citation to legal authority, that were presented in his federal habeas petition and reply. (*See generally* Doc. 21).

For the these reasons, the objections set forth in Petitioner's Objection (Doc. 21) are **OVERRULED** and United States Magistrate Judge Langstaff's August 31, 2010 Report and Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's federal habeas corpus petition, brought pursuant to 28 U.S.C. § 2254 (Doc. 2), is **DENIED**.

**SO ORDERED**, this   23rd   day of September, 2010.

　/s/ W. Louis Sands　
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**